I have Mark Levine, the Office of the State Appellate Defender, representing the Appellant Stephen Griffin. This appeal is from an order dismissing a pro se post conviction petition after the court had already appointed counsel and counsel had filed an amended petition. I'll return to the argument on that point, but first I want to, the court asked us to address the date of the order dismissing the pro se petition, so I want to do that first. The reason the court asked that question is that its jurisdiction depends on the date of that order. The motion for reconsideration was filed on Monday, November 9th. The date handwritten next to the judge's signature on the order is October 8th, and it bears a file stamp, the order bears a file stamp of the previous day when the hearing was held, when the judge announced his decision from the bench. If the order was entered, if the date of the order was October 7th, then the motion for reconsideration was late. If it was on the 8th, the motion is timely in the courthouse jurisdiction. Now the parties and the judge discussed this question at the hearing on May 26th of 2011, when the, that was the hearing at which the motion for reconsideration was being set for hearing. The state started to object to the timeliness of the reconsideration motion. This is on page 211, R211, I'm sorry, 221, R221. The assistant state's attorney said, I have to count from October 8th to November 9th, but if that's 31 days, then my position would be that it's not timely if that's what the calculation turns out to be, also on 221. The judge said it was October 8th, same page, and defense counsel then said that 30 days from October 8th was a Saturday, and the motion for reconsideration was filed on Monday. It was a Saturday before the 9th. Correct, yes. It would make a difference if it was a week before. Certainly would. Right. It was a Saturday just before the 9th. Right. And then counsel filed, the defense counsel filed it on Monday. Now the motion for reconsideration itself has the date, recites that the order was entered on the 7th, and that's scratched out, and the 8th is put there, so they were aware of the difference. The order itself has a file stamp of October 7th on it, and it also has the handwritten date next to the signature of October 8th. So this order was before them. They were all aware of what happened when they had this discussion. You're saying we can rely on the court's definitive statement that the order was entered on October 8th. Exactly, Your Honor. And furthermore, the judge's order is consistent with the two Supreme Court rules that bear on this question. Rule 271 provides that when the court rules on a motion other than in the course of trial, which this of course was, the attorney for the prevailing party shall prepare and present to the court an order or judgment to be entered unless the court directs otherwise. And the court didn't direct otherwise. Rule 272 deals with when judgments become final. And this is really the one that answers our question. It needs to be read in the context of 271, but 272 is really the one that answers our question. It says, if at the time of announcing the final judgment, the judge requires the submission of a form of written judgment to be signed by the judge, or if a rule requires the party to submit a written order. Now, let me stop here before I read on in the rule. The record of that hearing doesn't say anything about this. However, we know that a written order was prepared, as was required by 271, and the judge could have directed it off the record by a nod or just a hand gesture or something that doesn't appear on the record. It could have happened. If the judge found that it was on the eighth, then it's not contrary to the manifest way to the evidence that that isn't what happened, of course. Anyway, 272 goes on to say, if the prevailing party is required to submit a draft order, the judgment, and this is the key language, the judgment becomes final only when the signed judgment is filed. That's what the Supreme Court rule says. What happened in the trial court is not inconsistent with that. So the date of the order was October 8th. The motion for reconsideration was filed timely, and this court has jurisdiction. Unless the court has other questions on this point, I'll go on to the substantive argument. I have no further questions. How do you see the violation of this 10-day notice? Robinson says that that doesn't make the order void. Of course, Robinson and Ross and all these other cases that deal with it, the defendant wasn't prejudiced. The defendant was able to file a timely notice of appeal or a late notice of appeal. Your claim, of course, was unable to do so. So where does that leave us? The reasoning of Robinson, well, Robinson says that being two days late in Robinson, the notice was set out 12 days instead of 10 days. And the defendant in Robinson still filed a timely notice of appeal. So the court said, no remedy is needed over here. You weren't harmed at all. This is directive. This language it said is directive to the clerk in order to secure dispatch and proceedings. There's also a Supreme Court rule that says that notice has to be given. This is 651B, Supreme Court rule. It says that notice is to be given to the petitioner of an adverse ruling at once. Well, at once. What if the clerk waits until after lunch? Nobody would say that this is going to make the order void. So what we have here is something completely different. No notice here was given for years. But really, the issue isn't the right to appeal. Once it goes past 90 days and we don't have an actual order dismissing it that's effectively where somehow notice has to be given, once we get past 90 days, the order is void. This is a statutory, the Post-Conviction Act is a statutory scheme, and it gives us a remedy. We're not talking about appeal anymore, appealing from the dismissal of the pro se order. The order is simply void. We don't need any appeal. Is it void or is it voidable? I mean, after Belleville-Toyota, you know, this was a court of competent jurisdiction entering an order that was valid at the time it was entered. It had, you know, subject matter and personal jurisdiction. I mean, it's not void, is it? Well, there's language saying that if, you know, I don't think it matters. If it's void, it's void. If it's voidable, it was voided. Because the court, the judge who signed the order, Judge Doyle, effectively, not effectively, abandoned it. He went ahead, he appointed counsel, and we had years of proceedings. Now, the state says that these were successive petitions, but nobody ever called them successive petitions at the time. They were captioned amended petitions. Are you suggesting that after the 90-day period, the case could not be dismissed based upon frivolity and therefore had to go or proceed to the second stage? The, well, if at second stage it's still frivolous, they could dismiss it for that. But they have to consider a different motion. It's a different petition. It's no longer the original pro se petition that's being considered. If the one that counsel filed is also frivolous. It would also have to be after appointment of counsel and appearance of the state. Right. And then there would have to be motions filed by whomever. Yes. And there would have to be hearings there before the case could be dismissed on its merits. Yes, Your Honor. Exactly. And furthermore, they're not, they're no longer looking at the original pro se petition. They're looking at the petition that was filed by counsel. And, of course, what we're asking for in this appeal is that it be remanded to do exactly that. Your counsel was appointed. Counsel did file an amended petition with an affidavit advancing a claim of actual innocence. Do we remand it back for a second stage hearing on the merits? Or do we remand it back for a third stage hearing? It's, well, I'm going to ask for it to be sent back for a third stage hearing because that's better for my client. Although I acknowledge the question. The state filed a motion and then in the middle of the hearing on the motion seemed to abandon it. The state suggested doing what the court ultimately did, ruling instead of ruling on counsel's motion, instead dismissing the original pro se motion, and that's what the court did. So we could say, I suppose, that they already had the second stage hearing. The state abandoned or waived any objections that it might have had to anything else. And we should go right to a third stage hearing and determine whether this recantation is true or whether there's anything to this claim of actual innocence. And, heck, that's the real fundamental purpose of a post-conviction proceeding. The state of Illinois doesn't have any interest in keeping people locked up in prison for 60 years. Who didn't commit the crime? The whole point of this whole statutory structure is when something important comes up, like the recantation of the state's the main witness against the defendant, I know as well as your honors do that recantations have credibility problems. But those credibility problems need to be resolved by the trial court with witnesses on the stand who they can look at and determine whether they're telling the truth or whether they're lying. It's not something to be determined here, and it should be sent back for that purpose. So if a defendant is given notice and loses his or her right to appeal, you're saying that the dismissal order then has no effect on it? The earlier, I mean, the dismissal order originally, first stage dismissal. I'm trying to make this kind of mesh with the Supreme Court rules. And there is a difference between voidable and void. I mean, if it's void, you can attack it at any time, of course. If it's voidable, you're outside the 30 days. You can't attack that order anymore if it's voidable. So really what your client is left with, if you follow the Supreme Court rules to the letter, perhaps, is to file a new post-conviction petition alleging cause of prejudice, why he lost his right to appeal. And then you're put back to where this trial court basically equitably left it, which is he gets a right to appeal. I want to address both of the points that you just raised. On the voidable question here, I think the judge himself voided it by ignoring it, by abandoning it for, what, six, ten, nine years of proceedings. Perhaps the judge looked at it and said, this order was never served. Forget about it. Let's go on to the second stage, because that's what he did. He went on, he appointed counsel, and we had years and years and years of proceedings. The latches against the trial court judge. Well, I don't know if you could say that, but the trial court judge did the right thing, really. Although he didn't make a record about it, he saw that the order hadn't been served, perhaps, and went on. Is this similar to what we in the appellate court do when we withdraw an opinion? It isn't necessarily vacated, but it's taken back and it's held in abeyance until such time as there's a disposition either on it directly or on the case in general. After 30 days, does a trial court have the ability to do that? I mean, the trial court theoretically loses jurisdiction after 30 days. He does if he realized that there was a fundamental problem with the order in the first place. The judge, perhaps, you could say, recognized that the order was void and abandoned it and went ahead. I don't know, but let me say that I don't know that it matters, really. The fundamental point is it's undisputed that Mr. Griffin did not receive notice of this thing. The trial court, in making his ruling, said that. The record doesn't show that he got any notice. The state never suggested that he got any notice. And the assumption here today is that the defendant didn't get notice, and there were years and years later. So the order that we're appealing is one that's dismissing a pro se petition way after 90 days. And that's just simply contrary to the post. It's a simple one. The case law seems to say that the acts of a clerk cannot subvert or abrogate the acts of the court or the judge. Such that the failure to send notice doesn't necessarily nullify the fact that the order was entered. But from what you've said to us today, it sounds like what you're saying is, is that the fact that the clerk didn't send notice didn't abrogate the order. The judge did so by acting the way he did for that period of time, to the extent that based upon the failure to send notice, the judge effectively treated the order as a nullity. That's correct. And it was the judge who essentially determined that it was a nullity. And it wasn't a de facto nullity created by a non-act, a nonfeasance by the circuit clerk. Yes, Your Honor. And furthermore, I'd say the judge was correct in treating it as a nullity, because the defendant, Mr. Griffin, did not receive any notice of it. It wasn't just two days late. It wasn't two months late, two years late. It was way, way late. By the time the judge acted, it was already months late. By the time the judge appointed counsel, it was five or six months late. When did the defendant first claim actual innocence? Actually, he claimed that in his very first original petition, although not in compliance with the rules. He attached to it a handwritten statement by the actual shooter, a man named Funches, who said that Mr. Griffin was not there and didn't know anything about it and didn't have anything to do with it. Now, this, of course, didn't comply with the post-conviction rules. It wasn't a spore. It wasn't an affidavit. But it was attached. It was in the petition. Mr. Funches did not testify at trial. I don't know what happened to him. I know that he's in the Department of Corrections right now for this killing. But so, yes, Your Honor, he did assert actual innocence from the beginning, although not in proper form. Counsel later on cleaned it up and put it in an affidavit from another codee saying the same thing, that Mr. Griffin wasn't there. What about the DNA? Was that additive? The DNA was a big red herring in my mind. It may have been an issue pre-trial at some point. But all I could see from reading this record is the police found some shoes alongside the road that did not have Mr. Griffin's DNA on it. So what? My shoes don't have his DNA on it either. It doesn't have any more preventative effects. So the DNA, perhaps there were things outside the record. I'm sure there were. These people weren't stupid. But what appears on the record and appears at trial, nobody ever said these shoes had his DNA on them or that they were his shoes. I thought they said that they were his shoes, that they were used during the robbery and they were thrown away as an indication of guilt to try and detach themselves from any clothing or footwear that might contain blood or evidence of being a deceit. Yes, Your Honor. Somebody did say that. The prosecutor said something very much like that in closing argument. As I said, there must have been issues going on pre-trial. But when they came to trial, they decided not to present this evidence for one reason or another. So the prosecutor said something like that in closing argument. But when you go back and look at the trial, there didn't seem to have been any testimony about it. So I concluded myself when I was writing this that the shoes really don't have anything to do with anything. If we were to view this as a successive petition, how is it timely? I mean, when I say it, I'm talking about the string of amended petitions starting in 1994. Right. They would be timely only if, because they are after, as the state said, they were filed after the time, if they were successive petitions and don't relate back to the original. They would be timely because it's advancing a claim of actual innocence. So do we look at the statute as it was in 1999 or as it was in 2003 when it was amended? The statute, although the statute was amended later on, the legislature amending it really was acknowledging what the Supreme Court had said I think the law already is, the law of substantive due process, that we don't want to keep, if somebody is actually innocent, the state has no interest in keeping them locked up in prison. If he can bring forth new evidence that he's actually innocent, let's hear it, regardless of the statute limitations. So the legislature amended it after these events, but I think we have to say that it was already the law as a law of due process. Basifying case law. Yes, Your Honor, correct. Thank you, Mr. Green. We'll have time for a vote of argument. Thank you very much. Mr. Yoster, if you may proceed. Thank you. Good morning, Your Honors. Good morning. Victoria Joseph, on behalf of the people of the state of Illinois, may it please the court, counsel. Do you agree that this was filed on October 8th or October 7th? October 8th, Your Honor. It was discussed in court. It was signed that day. The people have no problem reading this. This is October 8th, and the Saturday, it would have been due, so it was due the Monday following. That is Saturday. As to a few questions I wanted to reach that were discussed with defense counsel, one of your questions was if this is remanded, does it go back for second or third stage proceedings? This would still be at second stage, Your Honors, because the people filed a motion to dismiss. If the motion to dismiss is denied, the people are given the opportunity to respond and answer, and it would still be at second stage proceedings. So it would not automatically go to the third stage at this point. What about the import of the 10-day rule? I mean, we all know what Robinson says, but this is a case, apparently a first impression, where somebody actually lost their right to appeal. They did lose their right to appeal. Well, they lost their right to appeal at that time. The people would submit that the defendant was given the opportunity to appeal, so the counsel pointed out in his brief that there was no provision allowing the court to do that. There is also no provision in the Act that addresses what to do when this happens. If you look at the language of the 1998 Act, the dismissal order says, within 90 days after the filing and docketing of each petition, the court shall examine the petition and enter an order thereon pursuant to this section. Going down to Section 2, if the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or patently without merit, it shall dismiss the petition in a written order specifying the findings of fact and conclusions of law it made in reaching that decision. The court did that, Your Honor. Well, if the court actually related this order forward to the date that it entered the new order allowing the defendant to appeal, then some of the case law seems to indicate out of this district at least that that's outside the 90 days. Let me just finish. If, in fact, it didn't relate forward, then under Supreme Court rule, there's no authority for this judge to do what he did. No, there's no authority, but there's also no direction. And this is one of the reasons that, as far as looking at some other provisions within this act, that at that time it was, I believe, 30 days that the judge had to decide that the order has to be entered within 30 days. That's mandatory, that a written enter needs to be ordered was directory, and that the notice given in 10 days was directory. And part of that was looking at the fact that there is no punishment given within the act for what happens if that is not done. There is a, quote, punishment if the judge does not enter that order by the 30 days or, in this case, the 90 days, and that isn't stoppative for second stage proceedings. Are you saying that there's a right here without a remedy? There is no statutory remedy here, Your Honor. So he has a right to an appeal, but he has no remedy relative to his right to appeal? No, not that's created by the statute. Well, his remedy, like I said, is to file a new post-conviction petition alleging cause and prejudice as to why he lost his right to appeal. And we all know if you lose your right to appeal, that's prejudice enough. You don't have to allege that your appeal would have been successful. And I think that maybe what the court was looking at when they acted when they did, even though they weren't – there's no statutory provision allowing them to have given them that right, but I think what they were trying to do is, as Your Honor mentioned, the equitable relief of, we realize you didn't get your right to appeal. We're going to try to rectify that now by allowing you to do that. Well, there's a right to appeal and there's a right to have appellate review. And there is case law that suggests that if the record is deficient such that proper appellate review cannot be effected, and that is through no fault of the appellant defendant, then the police and criminal cases, and I'm thinking of banks in a roundabout way, people be banks, I believe what ends up happening is the conviction is vacated and it's remanded back for a new trial. So what would happen here if there is – no, there is a right to appeal, but there is no means to appeal. If the trial court allegedly gave the individual the ability to appeal, would there have been a – or an appropriate record for review that we could have reviewed on the merits, or would there not have been an appropriate record, which would then require a vacation or a rehearsal and remanded back for a second stage proceeding? We're talking a proper – I guess my question is what are we talking a proper review of? The original 1998 petition, or are we now talking everything that's incurred after that? I don't know. I think the judge found in the 1998 order that the petition was frivolous and patently without merit. I don't – I don't think they never – I don't believe they ever put that order in the record, did they? I think it's possible that if we vacate – if we dismiss this on the basis of lack of jurisdiction, that the Supreme Court, upon a petition seeking a supervisory order, might grant relief. But I'm not convinced that that's the only alternative at this juncture. That's something that everybody in the room should be aware of, that when – there's case law out there. We just had a case called Glasgow where we had a situation where the – I believe the counsel failed to file a notice of appeal, and time ran, and counsel was totally ineffective, and the person lost his right to appeal, and the Supreme Court granted a supervisory order. So there is always that avenue, is seek relief from the Supreme Court. If we were to treat these 1999 petitions and the third amended petition as successive petitions – Yes, Your Honor. You seem to indicate that we can relax – in your brief, that we can relax the due process, some of the requirements, but you don't want us to relax the timeliness of this petition. No, because the difference is the language of the statute at the time. These petitions, which the people call successive petitions because we still believe there was a valid order entered in 1998 dismissing the first petition, that anything after that would be a successive petition. There is no section F in the Petition – in the Post-Conviction Hearing Act in 1999 when that first petition was entered. So at that point, the actual requirement – the explicit requirement for leave to file a successive petition is not present. Your Honor. And due to the fact that we all recognize there were quite a few mistakes made along the way, that it would be very disingenuous to say that there's not fundamental fairness here. However, there is also not the language in the Act allowing the relaxation of the statute of limitation for claims of actual innocence. And the people respond to the defendant's arguments that we're looking at the Post-Conviction Hearing Act as a statutorily created right. Unfortunately, in 1999, the legislature had not created a right yet for the relaxation of that time bar for claims of actual innocence, and that was not until Public Act 93-605, Section 15. And that would be our response to that, Your Honor. Unless the defendant was able to obtain and either obtained or could have obtained but didn't obtain the affidavit of Mr. Gibson, at the time he filed his first petition regarding Mr. Funches or Funtz and his first claim of innocence, why would the actual innocence claim be deemed to be late or restituted conduct? Well, the people also submit, I believe in our brief, we discussed that the original petition was also untimely. I'm not sure where the date was that everyone was using for the denial of the petition for leave to appeal. I don't know what compelled me to look it up, but the Supreme Court dismissed it or denied the petition for leave to appeal on February 4th, 1998. So six months from that date would then be August 4th, 1998. The first petition wasn't filed until August 25th of 1998. Was it raised in the motion to dismiss in the trial court? No, it was not, Your Honor, because, like I said, I honestly don't know. There were a lot of dates and years that seemed to be misapplied in this case, and I honestly don't know where they came from. I mean, that argument could be forfeited. You know, counsel talked about a general due process right outside of the statute to avoid the time guidelines for a claim of actual innocence under the old statute. How do you respond to that? I believe I did, Your Honor, in saying that because this is a statutorily created right, the legislature didn't recognize that until it amended the petition. Do you agree that if we were to dismiss this on timeliness grounds today, that the defendant could file the exact same petition tomorrow? Under the current rules, he would have a better shot. A better shot? Well, he'd have a shot. There was no timeliness in it. There was no timeliness. It had not ruled on the merits of the petition. It had not ruled on the merits of the petition. So are we spinning our wheels? In his best interest. There's a lot that was wrong with this case, Your Honor. In this case, it's so backwards in all the different things. You know, you have the petition. You know, we're talking about a statute of limitations. Normally, it saves something by saying we're relating it back to the first filing. In this case, it actually, your argument is it throws it out, but the 2008 petition would be timely, whereas the 1999 petition would be on time. That is correct. In this case, it's backwards in many different ways. Yes, it is. And not the least of which is, is there some forfeiture or waiver or latches on the part of the state by seeing a petition filed in 1999 and waiting until 2008 to file a motion to dismiss? And I don't know what to call it. I don't know if I call it waiver, forfeiture, latches, whatever. But you're talking about this person sitting in jail for 10 years waiting for his actual innocence claim to be brought to fruition, but mostly waiting for DNA testing to be done. I don't know whose fault that was that took so long. But the state stands by and just watches this train move forward until it files its ultimate motion to dismiss almost, I mean, three months shy of 10 years later. Oh, I was not happy to be working on a case that the conviction was entered my freshman year in high school. We'll put it that way. I don't know. I don't know. I don't know why they did what they did, other than the fact of technically the people aren't allowed to enter a case until that second stage. I don't know why they didn't bring it up. I don't know if they waited to discover. Nobody looked at the file until that time. I don't know what happened. It is very disappointing. Wasn't timeliness originally mentioned? Yes. When they talked about the 7th or the 8th, so that at least some concept of timeliness was... The people did raise... Extended in the brain somewhere in the brain matter, I guess. The people did raise a timeliness on the successive, it was brought up during the October 7th motion to dismiss. On page 194 of the report of proceedings, they were talking... Any petition filed... I'm sorry, I don't have the direct quote, but I believe they were discussing any petition filed after the original dismissal is a newly filed petition that must conform to the time limitation. And they mentioned the different times of when they were filed and being outside. And that was argued in the written motion to dismiss also? I... The timeliness aspect of this? People... Defendant had six months. Petitions were outside the time allotted. Yes, I believe so on Common Law Record, page 572. I believe I'm not going to obviously verify that, but I believe from my notes that there was a timeliness issue raised on the successive petitions. Again, using the state that I'm not sure where anybody got it from. Are there any other questions? Thank you. Thank you. Mr. Levine, you may proceed. This is one very tangled up record. I would suggest that ultimately it does boil down to a simple point now. That part of the statutory scheme of the Post-Conviction Hearing Act is for summary dismissal within the first 90 days. Now, part of that is notice to the defendant. Robinson told us that it doesn't necessarily have to be within 10 days, 12 days is okay. But after 90 days, under the scheme of the Post-Conviction Act, it's too late. Because notice to the defendant, petitioner, is an inherent part of the dismissal. Now, if it were 45 days, I don't know what I'd be arguing, but it wouldn't be this. After 90 days, at least, when there's been no notice to the petitioner, this per se petition has not been dismissed. Between 90 days and 7 months, though, the defendant would not have lost his right to appeal. Okay, I don't have to. Between the 90-day day and the 7-month day, which of course would have been the buffer for the late notice of appeal. So this defendant would have jumped in. I think it was Ross or one of these other cases where the defendant was allowed to file a late notice of appeal, and that was deemed to be non-prejudicial. Thank you, Your Honor. Let me incorporate that and say that after 7 months, it's too late. After 7 years, it's certainly too late. You've got enough time here, I know that. So that's, despite all the tabling, I think that's the simple way to cut through it. Now, on the question of whether it goes back for a second or third stage, it's true, of course, that the State did file a motion to dismiss, but they abandoned it and essentially waived the whole thing in the middle of the hearing. They'd be allowed to answer the petition, wouldn't they not? I don't know if they'd be allowed to file a new motion to dismiss, but wouldn't they be allowed to answer the petition? Oh, of course. So that's technically the second stage, to send it back for an answer to the petition. Right, but as for the timeliness under Beauclair, they've given up there, they've waived that one. So, yes, of course they get to say that the recantation is not credible or so on and so on and go on and have a hearing on the merits on that question. But these preliminary things are done with. How did they waive timeliness under Beauclair? Counsel said that the motion to dismiss alleged a timeliness element. Yes, it did. They argued at least briefly at the argument. The trial court went a different direction, but we can affirm on any basis in the record. So how did they waive timeliness under Beauclair? Well, two things. They waived, I think, I don't know where they got this September 26 date for when the State thought that maybe they blocked and copied from another motion. I have no idea where they got that. The State is correct that the statute of limitations should have really expired as far as I can see on August 4th before the filing of the original one. But they didn't argue that. They argued in their motion to, their timeliness motion, their motion to dismiss this, that it expired after the filing of the original one and before what they were calling successives. So the October, I'm sorry, the August 4th date, that's, they waived that. So they waived timeliness on the first petition. Exactly. Not if you view it as successive. Now the other ones, let me argue that they waived that because the State, the court didn't just come up with this procedure. The court adopted the suggestion of the State in the middle of the hearing. It wasn't the judge's idea. It was the State's idea to give effect to the, as I said, to the order dismissing the original one. Well, is this a civil or a criminal proceeding? We say that post-conviction proceedings are civil, but it's kind of criminal. So if someone makes a motion for summary judgment and it's granted and it shouldn't be, it doesn't mean that you reverse the judgment and grant summary judgment for the other side. It means you send it back for a new hearing. Okay. Assuming that there are triumphal issues of fact. Okay. Or material issues of fact. So it does need to go, it does need to go back. Did they ever file an answer to the petition alleging innocence based upon the affidavit of Gibson? No, I don't want to misrepresent to the court, of course, but I don't remember one. I think the first filing was the motion to dismiss in OA. Right. To dismiss the third amendment petition filed by counsel. That's right. For timeliness, that's my memory of it, but I don't want to mislead the court. I'd look at it. Would you be satisfied with the summary order? I'd be happy with it. It's not going to happen. All right. Thank you, counsel. Thank you very much. I'd like to thank both counsel for their arguments today. We'll take the case under advisement, and we are adjourned.